Tavxor, Chief-Justice,
 

 delivered the opinion of the Court: ■
 

 A few plain principles have been established by many decisions, on the subject of warranty, the application of which to this case will free it from difficulty. As a warranty i-endcrs
 
 the
 
 party subject to all losses arising from a failure of it, how'ever innocent he may be, much caution has been exercised in Courts of Law in creating an obligation of such extent. Hence the rule that on the sale of chattels, there is not any implied warranty, except as to the title ; that to constitute a warranty it must he express, and will not be implied by a mere affirmation of the quality or kind of the article sold, nor by a mere affirmation of the value, nor where the subject is of dubious quality, on which common judgment might be deceived. Therefore, when an auctioneer, on the sale of pictures, set in the printed catalogue opposite to each, the name of a painter,
 
 *243
 
 it was determined not to amount to a warranty of the pic-tare’s being the work of such artist.
 
 *
 
 In every case upon the sale of a chattel, where there is neither a warranty nor deceit, the buyer purchases at his peril. In the case of Chandler
 
 v.
 
 Lopez,
 
 †
 
 it was determined that for selling a jewel, which was affirmed to be a bezoar stone, when it was not, no action lay, unless the Defendant kne w it was not a bezoar stone, or had warranted it to be one. And in Packinson
 
 v.
 
 Lee
 
 ‡
 
 , it was decided that a fair, merchantable price did not raise an implied warranty
 
 ;
 
 that if there bo no warranty, and the seller sell the thing such as he believes it to be, without fraud, he will not be liable for a lateut defect. Lord Coke says, “ that by the civil
 
 “
 
 law, every man is bound to warrant the thing that he sel-
 
 “
 
 letli, albeit there be no express
 
 warranty;
 
 but tiie common
 
 “
 
 law bindeth him not, unless there be a -warranty in deed
 
 “
 
 or in law.” And Fitzherbcrt, in the Nat. Brev. 94, c. says, “ that if a man sell wine that is corrupted, or a
 
 “
 
 horse that is diseased, and there be no warranty, it is at
 
 “
 
 the buyer’s peril, and his eyes and his taste ought to bo the
 
 “
 
 judges in that case.” It appears from all the authorities, that without a warranty by the seller, or fraud on his part, the buyer must stand to all losses arising from latent defects
 
 ;
 
 and a contrary rule is no where laid down. — The. principle, on which the common law proceeds, being, that the purchaser ought to apply his attention to those particulars which may be supposed to be within the reach of his observation and judgment, and the vendor to communicate those particulars and defects which cannot be supposed to be immediately within the reach of such attention. The. purchaser may always proude against his own want of vigilance or skill, by requiring the vendor to warrant. Saying, when the money was paid, that the horse was. sound, did not amount to a warranty ; to make an affirmation at the time of the sale, a warranty, it must appear by evidence to be so intended, and not to have been a mere
 
 *244
 
 matter of judgment and opinion.
 
 *
 
 Here the Plaintiff seemed content with the assertion of the Defendant as to the soundness of the horse, though he had been previously advised to take a warranty. If, then, the Defendant asserted only what he believed, and the contrary does not appear ,* and the Plaintiff chose to run the risk of being able to prove that the Defendant knew of the unsoundness, when he might have procured an indemnity, with or without that knowledge, there is neither hardship nor injustice in throwing the loss on him. The nonsuit must, therefore, stand, and the rule for a new trial be discharged.
 

 *
 

 3 Term Rep,
 
 57,
 
 Carth. 90. Salk, 210,
 

 *
 

 2 Esp. Rep. 572.
 

 †
 

 Cro. Jac.
 

 ‡
 

 Ersf. 314.